# Exhibit A

| | |
|---|---|
| **J. DOWNS LAW**<br>By: Jeffrey S. Downs, Esquire<br>Attorney ID: 13142001<br>69 South Main Street<br>Mullica Hill, NJ 08062<br>Telephone: (856) 418.1272 | Attorney for Plaintiff |

| | |
|---|---|
| Steven Willadsen | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>GLOUCESTER COUNTY |
| Plaintiff, | Docket No.: GLO-L-001493-18 |
| v. | CIVIL ACTION |
| Amazon.Com.dedc, LLC;<br>John Does 1-10 | **JURY DEMAND** |
| Defendants. | |

## COMPLAINT

Plaintiff, Steven Willadsen says by way of Complaint against Defendant, Amazon.Com.dedc, LLC ("Amazon" or "Company"), as follows:

### PARTIES

1. Plaintiff, Steven Willadsen currently resides at 3 Lakeside Lane, Carney's Point, New Jersey 08069.

2. Defendant, Amazon has a New Jersey location at 2651 Oldmans Creek Rd. Logan Township, NJ 08085 and/or 2277 Center Square Rd. Swedesboro, NJ 08085.

### JURISDICTION & VENUE

3. This Court has jurisdiction consistent with R. 4:4-4 because all parties either reside in or conduct business in the State of New Jersey.

4. Personal jurisdiction is proper over Defendants under Rule 4:4-4, as Defendants employees, and Human Resources are located in Gloucester County, New Jersey, and all events leading to the wrongful termination of Plaintiff occurred in this County.

### FACTS

5. Plaintiff worked for Amazon in various roles for over 10 years and was a contributing member to the Company without any performance related issues.

6. Plaintiff exceeded work performance metrics and has not received any negative employment evaluations.

7. Mr. Willadsen was an "Amazon Warrior", a designation reserved for an elite group of workers within the Company.

8. Mr. Willadsen was hired in the Swedesboro location and worked in the warehouse commencing in March of 2017.

9. Most recently, Plaintiff worked in the Amazon Fulfilment Center located in Logan Township, New Jersey and worked loading and unloading products.

10. Mr. Willadsen is 53 years of age.

11. Mr. Willadsen made repeated comments and complaints relating to the unsafe working conditions relating to:

   a. The use of a sizer lift in building without it being tethered properly;

   b. Pallets brought in building by outside contractors being higher than the door of ingress and egress;

   c. Thousands of pallets leaving the building either higher, wider or improperly wrapped;

   d. Employees using equipment that they are not trained to use;

  e. The stacking of products in front of safety area, where they are deemed a hazard, all while blocking the emergency exits.

12. Mr. Willadsen had a reasonable belief that Amazon lacked safety and safety training of individuals, in violation of OSHA.

13. During peak work time, when workers were busy, numerous safety violations went unchecked and leadership had no initiative and overall training related to safety concerns.

14. Mr. Willadsen feared for the safety of workers, the public and himself.

15. When Mr. Willadsen voiced his concerns, he was assaulted by a worker, or third-party contractor, and suspended, despite only voicing a legitimate concern.

16. Of course, Mr. Willadsen was cleared of any violation and continued to work only to experience the same safety violations, over and over, day in and day out.

17. Instead of treating this dedicated and loyal employee with the respect he deserved, Amazon created an unsafe working environment terminated his employment in retaliation for voicing concerns and refusing to work at or about unsafe working conditions.

18. On the last day of employment, Mr. Willadsen refused to work with unsafe pallets in the warehouse, where once again, an agent and supervisor of the Company, stated "do your work or I will escort you out" or words to that effect.

19. Mr. Willadsen would not work with the unsafe working procedures.

20. Mr. Willadsen had a reasonable belief that Amazon was breaking the law and regulations relating to the packing and unpacking of products.

21. Mr. Willadsen was escorted to the door and again was in fear that Security was going to assault him at the direction of this Supervisor.

22. In clear violation of the law, Amazon involuntarily terminated his employment on

June 29, 2018 via e-mail from Amazon Human Resources Department.

## FIRST COUNT
## VIOLATION OF THE NEW JERSEY CONSCIENTIOUS EMPLOYEE ACT

23. Plaintiff incorporates herein paragraphs 1-22 above, as if set forth in full.

24. Amazon is an employer and is subject to The New Jersey Conscientious Employee Protection Act, N.J.S.A. §§ 34:19-1 – 34:19-8 ("NJ CEPA").

25. Mr. Willadsen disclosed to his supervisor and other employees that Amazon lacked the proper safety in the warehouse, and reasonably believed that these violations were a violation of law and regulations relating to working environments within the State of New Jersey.

26. Mr. Willadsen objected to, and refused to, participate in activity that he believed was in violation of safety laws relating to working environments within the State of New Jersey.

27. The policies and procedures of Amazon is incompatible with a clear mandate of public policy concerning the health and safety of the public, workers and Plaintiff.

28. Amazon engaged in an adverse employment action and terminated the employment of Plaintiff due to his objection and refusal to continue to violate the law and regulations relating to safety of workers within the State of New Jersey.

29. Plaintiff did not have any unsatisfactory employee evaluations.

30. A causal connection existed between the complaints and objections of Plaintiff and his adverse employment action of losing his job.

31. Plaintiff experienced damages due to the actions of Amazon.

**WHEREFORE,** Plaintiff demands judgment against Defendants, awarding him:

    A.      His job back with reinstatement of seniority;

    B.      Back pay and compensation for lost wages and benefits;

   C.   Damages for emotional distress

   D.   Punitive Damages as allowed by law;

   C.   Costs of suit, including reasonable attorneys' fees;

   D.   Such other relief deemed by the Court to be equitable and just, as provided by law.

## SECOND COUNT
## AGE DISCRIMINATION

32. Plaintiff incorporates herein paragraphs 1-31 above, as if set forth in full.

33. The New Jersey Law Against Discrimination (LAD) makes it illegal for an employer to discriminate on the basis of race, creed, religion, color, national origin, physical or mental disability, age, nationality, ancestry, marital status, affectional or sexual orientation, sex, or liability for military service. *See N.J. Stat. Ann. § 10:5-12.*

34. Plaintiff is 53 years old.

35. Plaintiff was qualified for the position he held at the Company.

36. Plaintiff was subjected to an adverse employment decision.

37. Upon information and belief, Amazon replaced Plaintiff with someone younger wherein the disparity in age suggests that discrimination has occurred.

38. Plaintiff experienced damages due to the conduct of Amazon.

**WHEREFORE,** Plaintiffs demands judgment against Defendants, awarding him:

   A.   His job back with reinstatement of seniority;

   B.   Back pay and compensation for lost wages and benefits;

   C.   Damages for emotional distress

   D.   Punitive Damages as allowed by law;

   E.   Costs of suit, including reasonable attorneys' fees;

   F.  Such other relief deemed by the Court to be equitable and just, as provided by law.

## COUNT III
## PUNITIVE DAMAGES

39. Plaintiff incorporates herein paragraphs 1-38 above, as if set forth in full.

40. The acts by Defendants were made in wanton and willful disregard of the rights of Plaintiff.

41. The deliberate actions and adverse employment by Amazon were made with knowledge of a high degree of probability of harm to the Plaintiff, and the Company had a reckless indifference to the consequences of their acts and/or omissions which were all foreseeable.

42. The actions by Amazon were outrageous and they must answer by way of punitive damages.

**WHEREFORE**, Plaintiffs demands judgment against Defendants, awarding him:

 A. His job back with reinstatement of seniority;

 B. Back pay and compensation for lost wages and benefits;

 C. Damages for emotional distress

 D. Punitive Damages as allowed by law;

 E. Costs of suit, including reasonable attorneys' fees;

 F. Such other relief deemed by the Court to be equitable and just, as provided by law.

## RULE 4:5-1 CERTIFICATION

I hereby certify that the above entitled matter is not the subject of any other arbitration proceedings or Court proceedings, nor am I aware that such proceedings are contemplated.

> J. DOWNS LAW
> Attorney for Plaintiff
>
> /s/ *Jeffrey S. Downs*
> By:_____
> Jeffrey S. Downs

Dated:   December 20, 2018

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury as to all issues.

> J. DOWNS LAW
>
> Attorney for Plaintiff
>
> /s/ *Jeffrey S. Downs*
> By:_____
> Jeffrey S. Downs

Dated: December 20, 2018

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that Jeffrey S. Downs is designated as trial counsel on behalf of Plaintiff in this matter.

> J. DOWNS LAW
> Attorney for Plaintiff
>
> /s/ *Jeffrey S. Downs*
> By:_____
> Jeffrey S. Downs

Dated: December 20, 2018

# Civil Case Information Statement

**Case Details: GLOUCESTER | Civil Part Docket# L-001493-18**

**Case Caption:** WILADSEN STEVEN  VS AMAZON.COM.DEDC, LLC
**Case Initiation Date:** 12/20/2018
**Attorney Name:** JEFFREY SCOTT DOWNS
**Firm Name:** J. DOWNS LAW
**Address:** 69 SOUTH MAIN ST
MULLICA HILL NJ 08062
**Phone:**
**Name of Party:** PLAINTIFF : Wiladsen, Steven
**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** YES

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**
CEPA Count in Complaint

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/20/2018                                                                                      /s/ JEFFREY SCOTT DOWNS
Dated                                                                                                Signed

```
GLOUCESTER COUNTY COURTHOUSE
GLOUCESTER COUNTY CIVIL DIVISION
1 NORTH BROAD ST
WOODBURY          NJ 08096
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (856) 853-3232
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:    DECEMBER 20, 2018
                         RE:      WILADSEN STEVEN   VS AMAZON.COM.DEDC, LLC
                         DOCKET:  GLO L -001493 18

     THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 3.

     DISCOVERY IS    450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON -TO BE ASSIGNED-

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     103
AT:   (856) 853-3295.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                    ATT: JEFFREY S. DOWNS
                                    J. DOWNS LAW
                                    69 SOUTH MAIN ST
                                    MULLICA HILL     NJ 08062

ECOURTS
```